UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER K. BALL,

        Plaintiff,

vs.

Case No. 12-cv-12769
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DOC. # 20), GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DOC. # 19) AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 15)</u>

INTRODUCTION

      This case, in which plaintiff Heather Ball seeks review of the Commissioner of Social Security's denial of her application for benefits, is before the court on the parties' cross-motions for summary judgment. The magistrate judge has filed her report and recommendation to deny plaintiff's motion for summary judgment and grant that of the defendant. Plaintiff has filed her objections to the report and recommendation. Because the court is convinced that substantial evidence supported the decision of the ALJ, the magistrate judge's report and recommendation will be adopted and the plaintiff's objections will be overruled as set forth below.

DISCUSSION

      Plaintiff Heather Ball applied for both Social Security Disability benefits and Supplemental Security Income in 2008, alleging that she had been disabled since July 26,

2007.  After the claims were denied by the agency, plaintiff requested a hearing before an administrative law judge (ALJ).  That hearing was held November 23, 2010.  The ALJ's decision finding that plaintiff was not disabled under the Social Security Act was not reviewed by the Appeals Council, which made it the agency's final decision.  Plaintiff then filed this action for judicial review.

The court will not reiterate all of the factual background in its decision but will address the background pertinent to plaintiff's objections.  In plaintiff's first objection to the report and recommendation, she addresses the ALJ's assessment of her credibility.  Specifically, she complains that the ALJ considered only "outdated" information, and ignored an evaluation performed by a nurse with Great Lakes Home Health Services on June 4, 2009.  This objection mirrors plaintiff's arguments in her motion for summary judgment, which were carefully considered by the magistrate judge.  After examining the record, the court agrees with the determination made by the magistrate judge, which found that the ALJ "did not base his decision solely on a lack of objective evidence substantiating Plaintiff's claims; to the contrary, the ALJ supported his decision with substantial evidence in the case record."  (Doc. # 20 at 11.)  Moreover, the court notes that the ALJ's decision includes a paragraph concerning the care provided by Great Lakes Home Health "for the period of June 4 to July 1, 2009," which clearly indicates that this information was included in the ALJ's review of the record.  As noted by the magistrate judge, citing cases including Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989), the ALJ was not required to specifically discuss every piece of evidence submitted.

Plaintiff's second objection states that the magistrate judge "erred in failing to find error on the part of the ALJ who discounted the opinions of plaintiff's treating physician and

-2-

the evaluation provided by Nurse Cooper." (Doc. # 23 at 17.) However, the court finds that the magistrate judge's acceptance of the ALJ's decision on these issues is well-founded. As noted above, even though Nurse Cooper is not an "acceptable medical source" under applicable regulations, it is clear that the ALJ considered the evidence in the record from the Great lakes Home Health visits. Further, the ALJ noted that he was "well aware of the assessment completed by Dr. Lepley in June 2010." (Doc. # 11-2 at 30.) The ALJ carefully explained why he gave Dr. Lepley's opinions limited weight, including their inconsistence with other records in the matter. The ALJ's treatment of Dr. Lepley's opinions as less than controlling was justified under the particular circumstances of this case.

Plaintiff's third objection addresses the ALJ's hypothetical questions posed to the vocational expert (VE). Plaintiff points out that the ALJ did not include anything about her "nonexertional impairments relative to her mental status and inability to maintain concentration or respond to work changes appropriately" in his questioning of the VE. As the magistrate judge discussed, the ALJ was specific in stating he did not find any such limitations to "satisfy required functional criteria." (Doc. # 11-2 at 30.) Thus, it is logical that such limitations would not be included in the hypotheticals to the VE. As stated by the magistrate judge, citing Casey v. Sec'y of HHS, 987 F.2d 1230, 1235 (6th Cir. 1993), the "ALJ is required only to incorporate those limitations that he finds credible and supported by the record." (Doc. # 20 at 15.)

The court has carefully reviewed the record, the decision of the ALJ, and the magistrate judge's report and recommendation in this matter. The magistrate judge conducted an thorough review of plaintiff's arguments and concluded that they did not provide a basis for reversing the ALJ's decision, which was supported by substantial

evidence. The court is in agreement and, accordingly, accepts the magistrate judge's recommendation. Therefore,

IT IS ORDERED that the magistrate judge's report and recommendation is accepted as the findings and conclusions of this court.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED for the well-developed reasons given in the magistrate judge's report and recommendation. Judgment will enter for the defendant.

**IT IS SO ORDERED**.

Dated: September 13, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 13, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk